IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DAVID L. STULTZ,                             )
                                             )
      Plaintiff,                       )
                                             )
v.                                           )     Civil Action No. 7:13-cv-00589
                                             )
COMMONWEALTH OF VIRGINIA,                    )
DEPARTMENT OF MOTOR                          )
VEHICLES, *et al.*,                          )
                                             )
      Defendants.                      )

## MOTION TO COMPEL DEFENDANTS RICHARD HOLCOMB AND DEPARTMENT OF MOTOR VEHICLES TO RESTORE PREVIOUSLY DELETED DOCUMENT AND ALLOW EXPERT FORENSIC ANALYSIS OF THE COMMONWEALTH'S COMPUTER SYSTEMS

COMES NOW the plaintiff, David Stultz, by counsel, and files the following Motion to Compel the Department of Motor Vehicles to restore deleted records. In support thereof, Plaintiff states as follows:

1.     Plaintiff has previously been before this Court regarding the Defendants' conduct in this case in which evidence has been manipulated and destroyed. Defendants previously failed to produce the complete email chain directly related to Plaintiff's termination in support of their false allegation that Plaintiff had failed to follow his supervisor's instruction regarding the processing of a subordinate's performance evaluation. (*See* ECF 21, page id 272 and 261 - 262). Secretary of Transportation Sean Connaughton has now admitted during sworn testimony in this case that he deleted over 6,000 emails from his state email account just prior to leaving public office in January 2014. This destruction of public records left only 63 emails in Connaughton's email box for his four years

of public service. (ECF Document 303-11, Pageid#: 4888 and 4891) A small number of documents involving Plaintiff were found in Chief of Staff Martin Kent's email box which had been forwarded by Connaughton but no longer existed in Connaughton's state email account. Plaintiff is aware of other emails between himself, Defendants, and others that no longer exist in the state email accounts of Connaughton and his executive assistant Georgia Esposito. Critical communications regarding the plaintiff's protected speech have been intentionally destroyed despite a reasonable expectation of litigation and contrary to the law. (See the documents attached hereto as Exhibit A)

2.     As this Court is aware, an electronic database of documents was created by DMV for use in this lawsuit. Such database was created by Defendants by applying search terms to all of the documents collected by DMV from DMV employees, including Richard Holcomb, regarding relevant communications pursuant to Plaintiffs discovery requests. This Court and the plaintiff contemplated that Defendant's database would consist of individual databases for each identified custodian. (*See* ECF 292, Transcript of Motions Hearing August 6, 2015, p. 11-33.)

3.     Plaintiff, in his Amended Complaint, alleges that the defendants improperly terminated him as a direct result of his communication to public and elected officials regarding his speaking out about matters of public concern in violation of his rights protected by the First Amendment to the Constitution of the United States. (*See* ECF 135-1, paragraphs 50-75; 376-396.)

4.      A key communication that the Plaintiff alleges supports his First Amendment claim against the defendants involves a chain email communication sent to the Office of the Secretary of Transportation, as instructed by Secretary Connaughton using his executive assistant Georgia Esposito as the point of contact. This email, dated May 31, 2012, between Stultz, PBA President Sean McGowan, and Georgia Esposito, makes clear that Plaintiff made allegations of governmental wrongdoing to the Secretary of Transportation that DMV Assistant Commissioner Joseph Hill took actions to manipulate a Fraud, Waste, and Abuse investigation and the interviews connected to it, and fraudulently sanitized a Fraud, Waste, and Abuse report in order to cover up his malfeasance in office. Plaintiff further alleged that management at DMV knowingly allowed the corruption at DMV to exist by allowing their own internal audit to investigate corruption and malfeasance allegations involving themselves. (See the document attached hereto as Exhibit B.)

5.      As part of Plaintiff's burden of proof, he must present competent evidence to show that the decision makers had knowledge of the protected activity; in this case the speech to Secretary Connaughton's office on May 31, 2012. Despite the extensive database ordered by this Court, Plaintiff was previously unable to show that the email of May 31, 2012 (Exhibit B) was forwarded by Secretary Connaughton or his executive assistant, Georgia Esposito, to any of the decision makers at DMV. Plaintiff, however, was aware of retaliatory conduct by the defendants following his communication with Secretary Connaughton's office. Given the deletion of Secretary Connaughton's emails and the absence of any

communication in the database from Secretary Connaughton to DMV Commissioner Richard Holcomb regarding Exhibit B, the plaintiff was missing this necessary causation evidence.

6.  In an effort to retrieve Secretary Connaughton's communications to Commissioner Richard Holcomb, Plaintiff issued a subpoena *duces tecum* to the Library of Virginia on May 29, 2014 and July 28, 2014, and received responsive documents from Ms. Esposito's live and archived email within the Library's possession.

7.  After Plaintiff's numerous requests for clarification regarding the limited production, the Attorney General for the Library of Virginia made an additional production of Ms. Esposito's documents on December 1, 2014. Such documents were:

> discovered [on] an OST file belonging to Georgia Esposito on an unidentified hard drive. The OST file contained approximately 25,000 email messages dated between January 2010 and August 2012. The OST file was searched for records responsive to the two subpoenas that you propounded in the above referenced case (respectively dated May 29, 2014 and July 28, 2014).

> (A true and correct copy of this email from Carrie Nee is attached as Exhibit C.)

8.  Among the documents produced by the Library of Virginia in the December 2014 production was one key document critical to the plaintiff's case. Such email is attached as Exhibit D.

9.  This email chain contained in Exhibit D now reflects that DMV Commissioner Richard Holcomb was forwarded Exhibit D on June 4, 2012 informing him that Plaintiff had spoken out on a matter of public concern regarding corruption

within his agency. Despite the extensive database produced by Defendant DMV, this key email that forms a basis of Plaintiff's First Amendment claim was never produced by the defendants and the defendants claim that the document is no longer in their possession.

10. There is no disagreement among counsel for the parties that Exhibit D should have been responsive to the search terms applied to the electronic database in both the Stultz and Supinger v. Commonwealth of Virginia, 6:15-cv-00017, cases. (*See* Exhibit E for the search terms applied in both the Stultz and Supinger cases.) However, this document is not a part of either database. (*See* Declaration of Sergio D. Kopelev, Plaintiff's electronic discovery expert, attached as Exhibit F.)

11. Upon discovering this document was not produced by Mr. Holcomb and DMV as a part of the electronic database, Plaintiff reached out to DMV to address his concerns about the missing email and the improper deletion of records prior to collection of the data for the database. (*See* Exhibit G for all communications with DMV regarding this document.)

12. After a number of emails, letters, and a telephone conference, DMV ultimately agreed that the document was not in the database, and advised that the DMV Defendants did not have this email still in their possession (i.e., the defendants searched their emails but were unable to find the subject document). DMV, however, went on to essentially take the position of "no harm, no foul." The defendants do not agree that this missing document is of any real importance to the plaintiff's case, and because Plaintiff was fortunate enough to have located

this document from another source, the defendants have no responsibility related to this email.

13.    Plaintiff strongly disagrees with the defendants' position on this issue. The database should have captured this critical email in the box of Richard Holcomb, yet it does not exist there. Despite Defendant's attempt to downplay this missing document, the intentional deletion of such a critical document should be of serious concern to all Defendants, all counsel of record, and this Court.

14.    This email chain reflects that Mr. Stultz clearly spoke out to public officials outside of DMV about a matter of public concern that a vital state process had been corrupted, (i.e. the Fraud, Waste and Abuse system, the FWA investigation, and the investigative report had been intentionally manipulated and sanitized to cover up wrongdoing by senior management), and that the Commissioner of DMV, Richard Holcomb, was aware of this protected speech regarding the Agency prior to Stultz's termination.

15.    Richard Holcomb's failure to produce this critical email has resulted in severe prejudice to the plaintiff. Without this email from Holcomb, the plaintiff is prevented from showing the subsequent history of the email, including which other decision makers received and read its contents, namely Joseph Hill, Jeannie Thorpe, and/or other Defendants. This prejudice is directly caused by the actions of the defendants.

16.    Richard Holcomb's actions further give rise to a serious concern regarding the removal of other critical documents involving communications by Plaintiff with public officials. Removal of these documents prior to them being secured as part

of the database is a serious abuse of the discovery process and subject to appropriate sanctions by this Court.

17. As state employees and officials, Defendants' email and documents are backed up in accordance with the Commonwealth's normal procedure and are in the possession of the state agency, Virginia Information Technologies Agency (VITA).

18. Plaintiff seeks this Court's oversight in the discovery production in this matter. Plaintiff has subpoenaed VITA, requesting certain searches be run on the back-ups of Jeannie Thorpe, Richard Holcomb, Joseph Hill, Georgia Esposito, and Sean Connaughton in an attempt to locate this document, discover who it had been forwarded to, and when it was deleted by Mr. Holcomb (or any other recipient). (*See* Exhibit H for the subpoenas issued to VITA.)

19. VITA has objected to the plaintiff's issuance of these subpoenas. (*See* Exhibit I for VITA's objections.) However, the plaintiff has obtained an agreement from VITA to restore and produce to the Library of Virginia the previously deleted emails of Richard Holcomb, Secretary Connaughton and Georgia Esposito regarding communications of David Stultz, in keeping with the email guidelines and retention requirements of the Commonwealth of Virginia.

20. By working with counsel for VITA the plaintiff narrowed his request, at this time, to seeking that VITA restore the oldest back-ups available for Richard Holcomb, Georgia Esposito, and Sean Connaughton. VITA has estimated the cost to restore each monthly back up, for each custodian, will be $951.00.

21.     VITA has agreed that any documents restored from the state account boxes of Georgia Esposito and Sean Connaughton can be produced to the Library of Virginia for eventual production to the Plaintiff after search terms have been applied, and Plaintiff is agreeable to that method of production.

22.     Plaintiff also seeks the restoration by VITA from the oldest backup from the boxes of the DMV Defendants: Jeannie Thorpe, Richard Holcomb, Thomas Penny, Ronna Howard, William Anderson, and Joseph Hill, at the cost of the Defendants. Because VITA takes the position that these records are the property of DMV, VITA cannot produce theses records directly to Plaintiff. Plaintiff seeks the restored records be produced to its independent expert for review and application of the search terms previously approved by the Court and that said documents then be produced *in camera* for inspection by this Court.

23.     Should the subject email be present in Mr. Holcomb's December 2012 back up,[1] then additional backups of Mr. Holcomb's, and possibly other defendants, will have to be restored in order to ascertain when he deleted this email.

24.     Given the limitations of the February 2014 preservation Order[2] entered by this Court, if Mr. Holcomb deleted the subject email prior to December 2012, then that email will not be recoverable even by VITA.

25.     With discovery cut off set for May 29, 2016 and trial quickly approaching on August 29, 2016, Plaintiff has no choice but to request this Court's assistance in resolving this critical issue.

---

[1] VITA had previously indicated that a November 2012 backup was available. Currently the oldest available backup for Richard Holcomb is December 2012.
[2] *See* ECF 8, Pageid#: 36.

WHEREFORE, Plaintiff requests that the Court order the Department of Motor Vehicles and Richard Holcomb to provide an explanation as to why this document, from Richard Holcomb's state email box, has not been produced and/or why it is not in existence. Plaintiff further requests this Court order a forensic analysis related to this particular document be performed on Defendant Holcomb's government computer(s), email account, smart phone, VITA's back-ups and Defendant's process of identifying, gathering, creating a database and producing records by Plaintiff's electronic discovery expert, Sergio Kopelev with Consilio, to be paid for by the Department of Motor Vehicles. Plaintiff also requests leave of Court to notice and take a 30(b)(6) deposition of a representative of Virginia Information Technologies Agency and/or the Library of Virginia. The plaintiff also seeks such other relief as this Court deems just and proper, including awarding the plaintiff his attorney's fees for having to file and appear on this Motion.

RESPECTFULLY SUBMITTED,
DAVID L. STULTZ,

By: */s/ Dale W. Webb*
      Of Counsel

Dale W. Webb (VSB No. 26359)
*dwebb@franklmillerwebb.com*
Audra M. Dickens (VSB No. 82379)
*amarcum@franklmillerweb.com*
FRANKL MILLER & WEBB, LLP
P.O. Box 4126
Roanoke, Virginia 24015
(540) 527-3500 telephone
(540) 527-3520 facsimile

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned counsel hereby certifies that on April 17, 2016, the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Dale W. Webb*
Of Counsel

The undersigned counsel hereby certifies that Rule 37(a)(1) of the Federal Rules of Civil Procedure has been complied with prior to the filing of this Motion.

*/s/ Dale W. Webb*
Of Counsel
