CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 13, 2016

JULIA C. DUDLEY, CLERK
BY: s/ A. Melvin
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **DAVID L. STULTZ,** ) | |
|     **Plaintiff** ) | |
| ) | |
| v. ) | **Civil Action No. 7:13-cv-589** |
| ) | |
| **COMMONWEALTH OF VIRGINIA,** ) | |
| *et al.*, ) | |
|     **Defendants.** ) | |

### ORDER

On February 29, 2016, Chief Judge Conrad referred certain pretrial matters to me. Among those matters was the scheduling and length of discovery depositions to be taken in this case. Counsel contacted my chambers on Tuesday, May 3, 2016 requesting additional assistance in resolving issues that have arisen in the scheduling and length of the depositions to be taken in this and the companion case of Supinger v. Commonwealth, 6:15cv17[1], currently pending in the Lynchburg Division of this court. On Friday, May 6, 2016, I held a conference call with defense counsel and counsel for both Stultz and Supinger. Counsel for Defendant Connaughton were also present. Having heard the arguments of counsel, my decisions on the issues raised during the call are as follows.

Lynwood Butner

Counsel for the plaintiffs represented that, during the course of another deposition, they learned of an additional possible witness, Lynwood Butner, a lobbyist on behalf of DMV and a former DMV employee. Plaintiff wishes to briefly depose Mr. Butner in order to discover to whom at DMV, if anyone, he passed along information he received from Senator Newman.

---

[1] On November 23, 2015, Chief Judge Conrad (who is presiding over the instant case) entered an order consolidating the discovery depositions to be taken in this case and in Supinger v. Commonwealth. Dkt. No. 294.

Defendants oppose this additional deposition given the extensive number of depositions that have already been scheduled.

The issues in both cases regarding when and how decision makers at DMV became aware of conversations between the plaintiffs and Senator Newman are important and relevant. Accordingly, I am allowing a one-hour deposition of Mr. Butner. This hour shall not be consumed by lengthy speaking objections from counsel. Counsel shall state the basis of any objection and move on. Plaintiffs collectively have one hour to depose Mr. Butner and are advised to plan their division of this hour in advance. Mr. Butner resides and works in Richmond, and he is to be deposed there. His deposition is to be scheduled on the same day as any other previously scheduled deposition in Richmond. Counsel are directed to confer about the precise date and time of this deposition.

<u>Jeannie Thorpe</u>

Plaintiff Supinger requests an additional thirty minutes to complete Ms. Thorpe's deposition. I previously permitted Ms. Thorpe's deposition to continue for nine hours, if necessary. Supinger asserts that because of Defendants' lengthy speaking objections, he was unable to complete his questioning and therefore requests an additional thirty minutes to do so. Based on the arguments of counsel, Ms. Thorpe is **ORDERED** to return for an additional thirty minutes to complete her deposition. This additional deposition time shall be scheduled on the same day as any other previously scheduled deposition. Counsel are directed to confer about the precise date and time to reconvene. This additional time is to proceed without unnecessary interruption, and objections, if any, are to be succinctly stated.

Counsel are advised again to work together to amicably resolve these disputes without court intervention. If issues should arise in these depositions that cannot be resolved by the attorneys, counsel are advised to contact me without delay.

It is so **ORDERED**.

Entered: May 13, 2016

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge